If everyone is ready, we will proceed to the case of MSP Recovery Claims v. QBE Holdings. Good morning, Your Honors. My name is Steve Silverman, and along with Ryan Bowman, who is with me at Council Table, we represent the Plaintiff Appellants, MSP Recovery Claims, and Series 1605456. Your Honors, the issue before the Court is whether the District Court erred in dismissing the appellant's complaint with prejudice for lack of standing. And before we get to the issue, the standard of review should be mentioned because there is some discussion of that in the briefs. The standard of review, Your Honor, for this facial attack is de novo, and that's been set forth in various decisions of this Court in Carmichael, which we cite in the brief, and Judge Martin's more recent decision in Maransky also mentions that a facial challenge requires de novo review. The first issue, Your Honor, is straightforward, and it is not contested by the appellee either below or before this Court, and that is, quite simply, that a dismissal for lack of standing is not a with prejudice dismissal. Those dismissals for lack of standing should be made without prejudice, and we cited that to the District Court in our brief, and we also cited that line of cases from this Court in our brief on appeal. Your Honors, turning to the underlying issue, the District Court was led into error by the appellee's arguments that the appellants relied on the recovery agreement to the exclusion of anything else to demonstrate standing, and that is an incorrect characterization of the record. It is not what was argued. And the District Court's misapprehension is set forth in the District Court's order at page 5 or page 221 of the appendix, where he says, Plaintiffs argue that the recovery agreement was effective in transferring health-first claims under the MSP Act, and the Court cites the two pages of our underlying memorandum in opposition to the motion to dismiss. However, that is a reference simply to the recitation of the allegations of the complaint and only part of it. Later in the brief, specifically at pages 8, 9, and 13, which are 155, 156, and 160 of the record, it is made clear explicitly that the appellants do not rely on the recovery agreement to establish standing, but that standing is demonstrated by the addendum to the recovery agreement and the non-proton assignment, both of which relate back by their terms to the date of the recovery agreement. And we explicitly say that below when we note in the footnote on appendix page 160, any argument based on the recovery agreement is unnecessary here, as the addendum and the non-proton assignment provide a straight-line path to demonstrate plaintiff's standing. This is Judge Newsom. Can I ask you a quick question? So I think about this, sort of the assignments here, in two steps. One from H.P. slash H.F.A.P. to, and I've renamed the parties so I can keep them all straight. I'll call it MSP Florida. And then another from MSP Florida to MSP Delaware or series. So the argument that you've made so far sort of helps us with the first link, but what about the second link? How is it that you get the claims from MSP Florida to MSP Delaware slash series? Yes, Your Honor. Your Honor, that is established by what we have called the series assignment, and that assignment you will see attached to our complaint at page 94 of the record. And in order to understand how that happens, there are two answers to Your Honor's question about how standing is conveyed to the plaintiffs. The first is that you must look at the assignments and the addendum and the recovery agreement in their chronological effective date of order. And that will answer your question. Let me walk you through that, Judge Newsom, if I can. So the recovery agreement is in April of 2016. The addendum, which sets forth the assignment of health first, the MAOs, rights to, as you've called it, MSP Florida, is effective as of April 28, 2016, which is the date of the recovery agreement. That addendum, both retroactively and in and of itself, conveys the rights to sue on the MSP Act claims. Secondly, Your Honor, and I'll get to the third part, which answers Your Honor's question, the non-proton assignment is also effective as of April 28, 2016, and it too independently conveys the rights of health first to MSP Florida to bring the MSP Act claims. And that, of course, brings us to the next document in chronological order, the series assignment. And the series assignment, when read in light of what has chronologically, with the effective dates preceded it, transfers the claims of health first to the plaintiffs, because you must read the series assignment in light of what has transpired prior, based on the effective dates of the non-proton assignment and the addendum, which do, in fact, convey the MSP Act claims. And let me tell you how we get there by the language of the series assignment. So first, Your Honor, on its face, you must look at what came before it by the effective dates. So as of the construction of the series assignment, there have already been retroactive assignments of the MSP Act claims to MSP Florida. Just to make sure I'm following, though, what do you do with the fact that the series assignment identifies HFAP, not HFHP, as the assigner? Yes, sir. So the reason, of course, is that the State Farm decision, which we discuss in the papers, was not yet decided. And so there was no contemplation of the parties of the need to reference health first. And so the remedy, the legal remedy, to answer Your Honor's question, is that construing the series assignment as what I will call a living document, you must understand that before it came those addendum and the non-proton assignment. And so the last sentence or the last sentence in the full paragraph says the intent of the parties, and I'm quoting from the series assignment, Your Honor, the intent of the parties is to transfer any and all rights, title, and interests that MSP Florida, to use Your Honor's nomenclature, that MSP Florida obtained as an assignee from the assignor. And the reference to the assignee and assignor are the assignee and assignor parties to the addendum and to the recovery agreement, but also therefore, because it's retroactively effective, to the addendum and the non-proton assignment. And so when you look at them in the effective date order, as of the time the series assignment becomes effective, there has been a retroactive assignment from the assignee to the assignor, MSP Florida, as set forth in the series assignment. Mr. Stillman, this is Judge Watkins. Your straight line path sounds like the road up Pike's Peak. Yes. Did the trial court ever rule on the viability of the 2018 assignment to MSP, the standalone assignment, which really didn't directly reference the 2016 agreement? Did the trial court ever rule on the validity of that assignment? The district court did not. The district court specifically limited its analysis to the recovery agreement and to make sure I answer your honor fully. The district court referenced that non-proton assignment and the addendum, but characterized it improperly, your honors, as parole to the original addendum. Okay. Let's try to get to Pike's Peak here real quick. Yes, sir. All right. So that's MSP. That's MSP, as Judge Newsom has said, MSP Florida. Yes, sir. All right. Shouldn't MSP Florida be the plaintiff here? Because for your road up Pike's Peak to be effective, you've got to first make the agreement in 2016 retroactively amended so that it can resuscitate, in effect, the 2017 series assignment. You've got several links there that have to be completed. Is that right? That is correct, your honor. Two minutes, counsel. Your honor must employ the retroactivity doctrine, which I think is also undisputed, in order to get to, as your honor has called it, Pike's Peak. And to answer your honor's question, MSP Recovery LLC, I believe, although I have not considered it nor talked to the client, could be a plaintiff, but that is not what the record brings us. Who is the plaintiff? Say it correctly on the record so that we can have it recorded, because I'm a little confused by the trial court's order. Exactly who is the plaintiff and what kind of entity under what state law is it? I will do so, your honor. So there are two plaintiffs. The first plaintiff is MSP Recovery Claims, Series LLC. That is a Delaware limited liability company. The second plaintiff, your honor, is an entity called Series 16-05-456, a designated series of MSP Recovery Claims, Series LLC. And to clarify a little bit, the series entity is a series of the first plaintiff, MSP Recovery Claims Series. Those are the two plaintiffs below and the appellants to this appeal, your honor. And do you agree that if the 2017 series assignment is ineffective for whatever legal reason, then MSP Florida should be the plaintiff in this case based on the 2018 assignment document, not the addendum, but the assignment? I would agree that MSP Recovery LLC could be a plaintiff, but again, your honor, as an example, I don't even know whether that entity still exists, what its capacity is, but looking at this record only, the answer seems to be yes. But again, that's not what we're presented with, but I understand your honor's question. And so legally, in the absence of any contravailing facts, the answer would be yes. It could be a plaintiff. Thank you. That answers the question. You're welcome, your honors. My time is up. I would respectfully request your honors reverse the decision for the reasons stated in our papers. Good morning. May it please the court. My name is Taylor Davis, and I represent Defendants Appellees, QBE Holdings, Inc., QBE Insurance Corporation, and QBE Reinsurance Corporation, which I will refer to collectively as QBE. The question before the court is whether the Middle District of Florida correctly dismissed this case with prejudice for lack of subject matter jurisdiction under Article III of the Constitution, because based on the complaint and exhibits thereto, plaintiffs' appellants, which I will refer to collectively as MSP, lack standing to bring the claims asserted, which are for reimbursement of medical expenses under the Medicare Secondary Payer Act. It is undisputed that MSP does not fall into one of the three categories of persons who have a direct private right of action for reimbursement under the Act. Rather, MSP claims to have received a valid assignment of such rights from a Medicare Advantage organization, or MAO, through a convoluted series of contracts spanning approximately two years. The lower court's ruling was correct and should be affirmed for three reasons. First, as many courts have held and MSP now appears to concede, the recovery agreement executed in 2016 did not assign the right to bring these claims to non-party MSP recovery, or as Judge Newsom referred to it, MSP Florida. And that entity, in turn, therefore did not, in 2017, give an assignment of those rights to the plaintiffs' appellants in this case. Second, the addendum to the recovery agreement executed in 2018 and the non-proton assignment also executed in 2018, could not and did not retroactively assign the right to bring these claims to non-party MSP recovery. And even if they did, as Judge Newsom's and Judge Watkins' questions have alluded to, those rights have never been assigned to plaintiffs' appellants' MSP. Third, MSP's equitable assignment argument should be rejected out of hand because it was raised for the first time on appeal, and further, the allegations of the complaint do not support a finding of equitable assignment. This is Judge Newsom. Let me just ask you a quick question. You started by saying, you know, the question here is whether the district court erred in dismissing with prejudice from one of subject matter jurisdictions. Aren't subject matter jurisdiction dismissals typically without prejudice? And when is it appropriate to dismiss for subject matter jurisdiction with prejudice? It's appropriate to dismiss for lack of subject matter jurisdiction with prejudice where any amendment to the complaint would not have cured the lack of subject matter jurisdiction, which is a fatal deficiency, as this court held in Lewis v. United States, which is 502 Federal Appendix 862. In addition, multiple Florida federal courts have, in similar cases involving MSP recovery and similar entities, have dismissed with prejudice on the basis that any amendment to the complaint would be futile, which is what the district court below found in this case, as there would be no way to cure the defects in the chain of assignment in this case. So, for that reason, the dismissal with prejudice was not an abuse of discretion. Subject to any further questions on the first and third reasons why the district court's ruling was correct, I would like to focus on the second reason and rest on the brief as to the remaining arguments. This argument that MSP has articulated that the 2018 addendum to the recovery agreement, which was executed in 2016, as well as the 2018 NUNC-PROTUNC assignment from HFHP, which is the purported MAO in this case, to MSP Florida, which is a non-party to this case, that that somehow transformed the series agreement that MSP Florida entered into with MSP, the plaintiff's appellant, in 2017, is entirely without precedent and is, in fact, a bridge too far. There are only two cases that are really relevant that MSP cites for this proposition that the assignments can be retroactive and, therefore, should be considered as if they had simply been entered into at the time that they were purportedly effective as of. The first one is Abraxas Bioscience, Inc. v. Novinta, which was a District of New Jersey decision that MSP cited in its opening brief, failing to realize that the federal circuit had reversed that decision, which we pointed out in QBE's brief. And on reply, MSP tried to distinguish that case by saying that the last document in the chain of assignments there was not executed until after suit was filed. But the flaw in their argument and why that case actually supports QBE's position is that the last document in the chain of assignments in that case would be analogous, in this case, to an assignment from MSP Recovery LLC or MSP Florida to MSP, the appellant, in this case. And there is no such document. The only series assignment between MSP Florida and MSP is the one that was entered into in 2017 and specifically referred to the claims that were assigned in the recovery agreement, which were the claims of HFAP, the administrator, not an MAO. So, in fact, that case stands for the proposition that without the subsequent assignment from the actual owner of the rights to the entity that's trying to bring suit on them, there is no transfer, even if there was a retroactive assignment after the initial assignment took place. And the Southern District of Florida in the USAA decision also stated that, to be clear, the series assignment, referring to the document that's at page 94 of the record in this case, does not pass on to MSP Series, which is the plaintiff appellant, one of the appellants in this case, the rights purportedly assigned in the pro-tunk assignment. And that's also clear from the face of the series assignment. The second case that MSP cites that is potentially relevant is MSP Recovery Claim Series LLC versus AIX Specialty Insurance, which was a decision from the Middle District of Florida in May of 2019. But importantly, it did not rule on the issue of standing, contrary to MSP's statements in its brief. That case involved an attack under the basis of Federal Rule of Civil Procedure 12b-6 for failure to state a claim. As the court is aware, this case involves a challenge under Rule 12b-1 for lack of subject matter jurisdiction. Now, MSP invites the court to conflate the two, basically saying it's a distinction without a difference, but there is a difference, and it's important. And that is a complaint can state a legally cognizable claim for relief, and yet fail to allege facts that establish the plaintiff's standing. And actually, without standing, technically, a court cannot even rule on a 12b-6 motion. Now, AIX, in that case, did argue that the complaint failed to allege that the claims were properly assigned to the plaintiffs. But all the court found was that the plaintiffs had plausibly alleged valid assignments under Rule 12b-6. The court did not hold, in that case, that the assignments conferred standing. And further, it didn't give any reasoning, it did not undergo any analysis of the various contracts that are at issue, and the decision in that case should not carry any weight in this case. The district court below correctly held, as many other cases have decided, that the various documents on which MSP relies, the addendum to the recovery agreement, and the non-protunct assignment specifically, constitute parallel evidence, which was created to try to establish that the intent under the recovery agreement was to encompass HFHP's rights. And the mental gymnastics that MSP is asking this court to undertake to find that they should, in their own right, be retroactively considered to affect a downstream assignment, that is, from MSP Florida to the plaintiffs' appellants, in this case, without any indication in the series assignment itself that that was the intent, is simply unmerited. The one sentence that they point to, which is at the end of the series agreement that Mr. Silverman read, is clearly referring to the assignment under the recovery agreement from HFHP to MSP Florida. And so, for all of those reasons, we would ask this court to affirm the district court's decision and hold that the appellants did, based on the face of the complaint, as well as the exhibits thereto, lack standing to bring these claims. This is Judge Newsom. Can I ask you one follow-up about the dismissal with prejudice? You said that it would be justifiable to dismiss with prejudice for lack of subject matter jurisdiction if there's no way to amend the complaint to cure the jurisdictional defect. Now, maybe I'm dismissing something, but why wouldn't just subbing in MSP Florida as the plaintiff cure the jurisdictional defect? Well, first of all, we would argue that MSP Florida, in and of itself, does not have standing either, would not have standing because there's no precedent for this argument that MSP is making that the MSP Act rights could retroactively be assigned two years after the fact, after another party already supposedly assigned them. That is HFAP in the recovery agreement, and therefore it's as if they were assigned two years prior. But secondly, the case law says that if there is a lack of subject matter jurisdiction, that the plaintiff then cannot manipulate the case to add a new party to try to cure that defect. So in that sense, it wouldn't be possible to amend the complaint to simply swap out MSP Florida as the proper plaintiff. And the reason why the court shouldn't take this giant leap that MSP Recovery is asking it to take, excuse me, that MSP Recovery claim series and the series are asking this court to take, is that it would set a dangerous precedent. And this is what amici allude to in their brief, is that if the court were to allow this kind of charade through the contractual gymnastics that MSP is trying to undertake, then there would be nothing stopping, for example, let's say HFHP decided to create another retroactive addendum to the NUNC-PROTUNC assignment and say, actually, they didn't really mean to assign all of the claims to MSP Florida. Actually, they retained the ability to sue on some. And then HFHP could then go out and try to sue QBE or some other insurance company saying that they are the ones that have proper standing. And it would simply open the door to all of these years down the road purported retroactive assignments that could materially impact how the scheme under the Medicare Secondary Payer Act for the reimbursement of secondary payments was intended to act. Ms. Savitz, this is Judge Watkins. I hear what you're saying, and I understand the briefs on that. But the trial judge never ruled on the viability or effectiveness of the 2018 assignment to MSP, what we're going to refer to as Florida. Is that correct? Do you agree with that? I respectfully disagree with that, Your Honor. Could you point to me where the judge ruled that that was a valid assignment agreement or not a valid assignment agreement? Well, what the judge ruled, and my opponent actually acknowledged this, is that that agreement constitutes peril evidence as to the intent of the recovery agreement, which was clear and unambiguous on its face, and therefore could not be modified by that or any other document. Okay, but that's not a ruling on the viability of the 2018. That's just saying it cannot be considered as peril evidence for the 2016 recovery agreement. So my point is, there's been no determination by a court in this circuit as to whether or not the 2018 agreement is valid as a standalone assignment to MSP. I realize there are other issues there, and we probably have the wrong plaintiff here. If that's all we have, if 2017 is ineffective, if 2016 cannot be retroactively revived, then all we have is an assignment to MSP. And has any court ever ruled on that issue? I want to make sure I understand. Your question is whether the court ruled that the series assignment from MSP Florida to the series was valid? No, I'm asking, has any court ruled on the 2018 assignment agreement? The non-pertinent agreement. It did not exist when USAA was decided. Well, it existed after USAA was filed. But this trial court did not consider that assignment, the 2018 assignment, as a valid agreement one way or the other. He just said it could not be used as plural evidence. Am I right? I understand. I would say no, because on pages six and seven of the court's order, he does discuss the argument on which MSP relies to show that the non-pertinent assignment was effective retroactively. And that's where he discusses the case law on subsequent agreement that is purportedly intended to modify and relate back to a prior agreement. And that's where the judge goes through the case law that MSP cited, specifically REAMCO Development Corp. versus 499 Corp. and Glen B. Wright Construction and Development, Inc. at Kohara, which the court distinguished because they were not analogous to this case. And the only other cases that MSP had cited were for patent assignments, which the court held did not relate to this case. Okay. Time has expired. Thank you. Your Honor, Steve Silverman again for the appellant. Let me address quickly and directly two points. The first is to dismiss the concept that the law of retroactive application of subsequent documents is a charade. It is not a charade. The United States Supreme Court in the mutual life case we cited, Dasher, which this court decided, and the several other federal cases we cite in our brief all stand for the proposition, which is widely and routinely accepted that parties can agree in a subsequent agreement to an effective date of that document prior to the execution date. And in fact, Your Honors, the district judge in the case we cite, Jacoby V. J.P. Morgan, stated in that case, and I quote, Plaintiff alleges that the assignment was invalid because it had a retroactive date. And the court goes on in the same sentence. There is nothing to suggest that the retroactive date was ineffective or somehow invalidated the assignment. That is the law. There's no charade. Secondly, Your Honor, with respect to the series assignment, and Judge Watkins raised this and I want to return to it, the series assignment is not as narrow as the appellee suggests. The series assignment assigns the claims as they are defined in the recovery agreement. And it's in the fourth line where it says that the series assignment assigns all of the signers' right title and interest in it to the assigned claims, claims and assigned claims, as defined in the recovery agreement. It is not limited to assigning that which was in the recovery agreement. And the addendum and the non-proton assignment, Your Honors, all have the same definitions of the, quote, assigned claims, quote, claims, quote, assigned assets and assigned documents. And so when you take the series assignment, as of the time of the filing of this complaint, it is a living document and you must look at what it purports to say and provide. And in order to do that, you have to look at the addendum and the non-proton assignment, their effective dates precede the series assignment, the rights conveyed by those documents are in the series assignment as a result of the retroactive application and, therefore, the series assignment conveys good title to the MSP Act claims, which are being sued upon in this case. There are no mental gymnastics involved. These are basic, well-settled principles of law that the appellee simply does not want to acknowledge. And on that point, Your Honors, I would point out that in the trial court and in this court the appellee cites no case, not one, not one, saying that that is not the law that we have cited both in the State of Florida and universally applied. So that is not an issue in contest. And to describe that as a mental gymnastics or a charade is really inappropriate. So we have the retroactivity up to the time of the series assignment. At the time of filing the complaint, that document is living. And what does it convey? It conveys those rights assigned by the non-proton assignment and the addendum. Now, appellee's counsel mischaracterizes the AIX decision, Your Honor. I believe it was Judge Newsom, perhaps it was Judge Watkins, that asked if there was any other case that addresses the issue respectfully to counsel. The AIX decision did, in fact, answer Your Honor's question. It did address the standing issue on these very documents. We attached to our reply brief the memos in the trial court in the AIX case and the court's decision. AIX argued expressly, and we cite the pages in our reply brief, that the assignment documents did not confer standing. That was the argument expressed below. These are facial attacks. The standard is the same as on a 12B6 motion to dismiss that the allegations, the well-plead allegations, are accepted as true. Particularly, Your Honors, I have dog-eared page 20 of the AIX argument where standing was expressly raised. And Judge Watkins was, I believe it was Judge Watkins, was quite correct. This court, and he asked me the question, but this court has made the same construction as the USAA court did, except the difference in USAA court, the same construction of the addendum and the NUNCPRO Tuck assignment, the USAA court did not have those documents in front of it properly when the case was filed, as the court noted. And I will say that Appelli acknowledges such. Time has expired. May I finish my sentence, Your Honors? You may. Sorry, I was muted. Thank you, Judge Martin. In footnote 7 of its motion to dismiss at page 136 of the appendix, Appelli notes that the USAA court did not consider the effectiveness of the NUNCPRO Tuck assignment and the addendum, and this court, the district court, did the same, except it was error because those documents were in existence at the time this complaint was filed. Thank you very much, Your Honors. Thank you.